**Motion Granted; Appeal Dismissed and Memorandum Opinion filed August 20, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00450-CV

---

### TEXAS PHARMOMEDICAL EXPORTS INC., Appellant

### V.

### MICHELLE T. WANG, INDIVIDUALLY AND D/B/A WANG & COMPANY CPA'S AND WANG G.P. INC., Appellees

---

**On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2015-52001**

---

### MEMORANDUM OPINION

This is an appeal from a judgment purporting to be a final summary judgment signed May 10, 2019. Appellant filed a timely notice of appeal of the May 10, 2019 judgment.

On June 18, 2019, in response to a timely-filed motion for reconsideration, the trial court vacated its May 10, 2019 judgment and signed an "interlocutory

summary judgment." The June 18, 2019 summary judgment disposed of some but not all claims in the lawsuit. Appellant filed a motion in this court requesting that we "return jurisdiction of this case to trial court," given that the trial court vacated the May 10, 2019 judgment that prompted this appeal. We construe appellant's motion as a motion to dismiss and grant appellant's motion because we lack jurisdiction over the June 18, 2019 interlocutory summary judgment.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When judgments do not dispose of all pending parties and claims, they remain interlocutory and unappealable until a final judgment is rendered unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). Here, the trial court's June 18, 2019 interlocutory summary judgment does not dispose of all claims of all parties. Our record otherwise contains no appealable final judgment, and no statutory exception applies. Accordingly, we lack jurisdiction, and we order this appeal dismissed.

PER CURIAM

Panel Consists of Justices Jewell, Bourliot, and Zimmerer.